IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALLAS COOK, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:16-cv-2413 |
| ) | |
| vs. ) | |
| ) | |
| HAYNES INTERNATIONAL, INC., ) | |
| ) | |
| Defendant ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Dallas Cook, is a resident of Howard County in the State of Indiana and former employee of Defendant.

2. Defendant, Haynes International, Inc. (hereinafter "Haynes"), is a corporation doing business and employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Mr. Cook filed a Charge of Discrimination (Charge 470-2016-00593) with the Equal Employment Opportunity Commission ("EEOC") on or about December 1, 2014 alleging, *inter alia*, that Defendant had violated the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq*. and the Americans with Disabilities Act, 29 U.S.C. §1630*, et. sec*.

4. The Equal Employment Opportunity Commission issued to Mr. Cook a 90-day Right to Sue letter on June 13, 2016.

5. Mr. Cook invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a fifty-two year old male who walks with a pronounced limp stemming from a work related injury that resulted in a broken back and approximately thirty (30) surgeries.

8. Plaintiff has been employed by the Defendant as a machine operator for eighteen (18) years.

9. Mr. Cook also utilizes intermittent family medical leave as a result of his disability. Specifically, Plaintiff's doctor has certified that Plaintiff should be allowed to arrive at work late on days when his medication affects his sleep patterns as an accommodation for his disability.

10. Plaintiff complained to management about discriminatory treatment he was receiving from a coworker and Defendant refused to address the situation.

11. Afterwards The Defendant disciplined Plaintiff for writing on a board where employees are encouraged to write down comments, made changes to the requirements for utilizing his family medical leave, and disciplined him for commenting about his job on Facebook.

12. Additionally, Plaintiff's supervisor has questioned him about his age and retirement date.

### COUNT I
### FMLA

13. Plaintiff incorporates by reference paragraphs one (1) through twelve (12) above.

14. During his employment with Defendant, Plaintiff utilized approved intermittent Family Medical Leave.

15. Plaintiff suffered an adverse employment action when Defendant created a hostile work environment and changed the requirements for utilizing intermittent family medical leave by insisting that Plaintiff call into work prior to utilizing his family medical leave.

16. Plaintiff:

   A. Was treated less favorably than employees who had not requested or were in need of leave under the FMLA; or

   B. Suffered an adverse employment decision because of her request or need for leave under the FMLA; or

   C. Suffered an adverse employment decision for taking leave under the FMLA and because of her perceived need for leave under the FMLA.

17. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

COUNT II
AMERICANS WITH DISABILITIES ACT

18. Plaintiff incorporates by reference Paragraphs one (1) through seventeen (17) above.

19. Defendant suffers from a disability as defined by the Americans with Disabilities Act, due to injuries sustained in a work-related accident several years ago.

20. Plaintiff's doctor certified to the Defendant that Plaintiff should be allowed to come in late on days when his medication affects his sleep cycle as an accommodation for his disability.

21. Defendant discriminated against Mr. Cook on the basis of his disability or perceived disability by: creating a hostile work environment; by disciplining him for actions that other similarly situated employees are not disciplined for; and by requiring Plaintiff to call in prior to the start of his shift when he is going to be late.

22. Similarly situated nondisabled employees were treated more favorably than Plaintiff.

23. These actions violated Mr. Cook's rights and were in violation of the Americans with Disabilities Act, 29 U.S.C. §1630 *et seq*.

24. As a result of the foregoing, Mr. Cook has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

25. As a result of Defendant's actions, Mr. Cook has incurred attorney fees and costs.

26. Defendant's actions were done with malice or willful reckless disregard to Mr. Cook's' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT III
## AGE DISCRIMINATION

27. Plaintiff incorporates by reference paragraphs one through twenty-six (26) above.

28. Plaintiff is over the age of forty and thus a member of a protected class.

29. Plaintiff met all of Defendant's legitimate performance expectations.

30. Defendant questioned Plaintiff about his age and planned retirement date.

31. Defendant has created a hostile work environment for the Plaintiff in an attempt to force his retirement.

32. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec*.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax